IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SUSAN BAIN, Individually and as the**
**Estate Trustee of the Estate of Jeffrey Bain,**
**Deceased, and CHRIS BAIN, Individually,**

      **Plaintiffs,**

vs.                                                   No. CIV 03-1354 RB/DJS

**IMC GLOBAL OPERATIONS, INC.,**
**IMC KALIUM CARLSBAD POTASH COMPANY,**
**PHILCO CONSTRUCTION, INC.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant IMC's Motion for Partial Summary Judgment (Doc. 71), filed on November 5, 2004. Jurisdiction is founded upon 28U.S.C. § 1332. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, I find that this motion should be denied.

**I. Background.**

On December 9, 2002, Jeffrey Bain ("Mr. Bain") was delivering conveyor belting to IMC's potash mine when a roll of belting fell off his truck and crushed him. A Philco employee was using a Philco forklift to unload the belting when the accident occurred.

On October 9, 2003, Plaintiffs filed the instant suit. In their amended complaint filed on December 3, 2003, the Bains allege negligence against IMC and Philco. In its answer, Philco asserted that the forklift operator was a special employee of IMC at the time of the accident. IMC moved for partial summary judgment on the grounds that the forklift operator was not a special employee of

IMC and that IMC should not be held vicariously liable for any negligence of Philco. In its reply, IMC stated that there is no need for a ruling on vicarious liability issue. Accordingly, only the special employee issue will be addressed herein.

**II.   Facts.**

Mr. Bain was an independent trucker based in Ontario, Canada. Mr. Bain picked up a load of four rolls of industrial conveyor belting from the manufacturer in Ontario. Two of the rolls were to be delivered to the IMC mine near Carlsbad, New Mexico. Each roll weighed over one and a half tons.

On December 9, 2002, Bain arrived at the IMC mine facility. At the IMC warehouse, Mr. Bain met with IMC warehouse clerk, Amos Urquidez, and presented the bill of lading for the belting. After checking IMC computer records and the rolls, Urquidez signed the bill of lading. Urquidez then retrieved a forklift belonging to IMC from the warehouse for use in unloading the belting from Mr. Bain's truck. When Urquidez returned with the forklift, Mr. Bain pointed out the two rolls of belting to be unloaded.

As Mr. Bain pointed out the rolls, Philco employee James Frintz happened by in a forklift belonging to Philco. Frintz was a salaried employee of Philco, an independent contractor that provides construction services to mining companies. On the day of the accident, Frintz was a member of a Philco crew that was changing the rollers at IMC's potash mills. Frintz had been sent to the warehouse in the Philco forklift by his Philco supervisor, Joe Gordon, to pick up rollers needed for the mill project. The Philco forklift had a greater capacity than the IMC forklift.

The facts are disputed as to whether Urquidez asked Frintz to unload the belting, or Fritz

2

volunteered to do so. It is also disputed as to whether Frintz spoke with Mr. Bain about the unloading. There is no dispute that, as Frintz began to unload a roll of belting with the Philco forklift, a second roll of belting fell off the truck and crushed Mr. Bain.

Frintz testified at his deposition that Philco had assigned him to work for IMC on numerous occasions. (Frintz Depo. at 50-51.) During those occasions, Frintz did whatever IMC told him to do and he understood he was under the control of IMC supervisors. (Frintz Depo. at 51-52.)

### III.  Standard.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id*.

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant

meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

**IV.   Discussion.**

IMC maintains that Frintz was not a special employee of IMC as a matter of law.  As a general rule, an employer is not liable for an injury negligently caused by a servant if the servant is not acting at the time as the servant of that employer, and the evidence shows that the employee has been loaned to the service of another who controls the manner and details of the employee's work. *Los Ranchitos v. Tierra Grande, Inc.,* 116 N.M. 222, 226, 861 P.2d 263, 267 (Ct. App. 1993) (citing *Brown v. Pot Creek Logging & Lumber Co.*, 73 N.M. 178, 184-85, 386 P.2d 602, 606-608 (1963)). The test for determining whether an employee qualifies as a special employee depends on whose work was being done at the time of the accident. *Monett v. Doña Ana County Sheriff's Posse*, 114 N.M. 452, 457, 840 P.2d 599, 604 (Ct. App. 1992).  Where factual issues exist as to whether the lending employer continued to retain the authority to control the manner of the employee's work, summary judgment is not proper. *Los Ranchitos,* 116 N.M. at 226, 861 P.2d at 267.

Frintz testified that he worked as a special employee for IMC on numerous occasions, and that while he was working for IMC, he was under the control of IMC supervisors.  The facts are disputed as to whether Urquidez asked Frintz to unload the belting, or whether Fritz volunteered to do so.  IMC has failed to meet its initial summary judgment burden because it has not established  an absence of evidence to support Philco's assertion that Frintz was a special employee of IMC at the time of the accident. *See Celotex*, 477 U.S. at 323.  Because genuine issues of material fact remain in dispute with respect to the issue of whether Frintz was a special employee of IMC at the time of

the accident, the motion for summary judgment will be denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendant IMC's Motion for Partial Summary Judgment (Doc. 71), filed on November 5, 2004, is **DENIED**.

*/s/ Robert Brack*

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**